**In re LAHAINA VENTURERS, a Registered Hawaii Limited Partnership, Debtor.**

**Bankruptcy No. 81-00666.**

United States Bankruptcy Court, D. Hawaii.

Aug. 6, 1984.

Gregory P. Conlan, William H. Dodd, Honolulu, Hawaii, for debtor.

R. Charles Bocken, Honolulu, Hawaii, for co-trustees.

ORDER DENYING MOTION FOR AMENDMENT OF ORDER APPROVING APPLICATION TO DESIGNATE CO-TRUSTEES AS COMMISSIONERS AND DENYING APPLICATION TO SELL DEBTOR'S PROPERTY

JON J. CHINEN, Bankruptcy Judge.

On June 4, 1984, the Bankruptcy Court entered an Order Approving Application to Designate Co-Trustees as Commissioners and Denying Application to Sell Debtor's Property, said order resulting from this Court's ruling on May 11, 1984, after hearings held on April 27, 1984, and May 9 and 11, 1984.

Debtor, joined by insider or related creditors, by the Motion for Amendment of Order Approving Application to Designate Co-Trustees as Commissioners and Denying Application to Sell Debtor's Property, filed on June 19, 1984, sought to amend the order to allow secured creditors to bid their secured position in satisfaction of the 5% cash deposit required by the June 4, 1984 Order. In the event of non-closure, the secured creditor's lien would be reduced by 5%.

The Court reviewed the request and the record herein and determined that 1) the request had not been made at the earlier hearings, and 2) the request had been made by the debtor and related parties in the form of recommended orders resulting from the above hearings, but the request was rejected by the Court which chose to draft an order consistent with the hearing and requiring the 5% cash deposit from *all* offerors.

Due to circumstances beyond the control of this Court, the decision of this Court to deny the Motion for Amendment had to be entered in the form of a Report and Recommendation to the District Court which allowed parties ten days to file written objections before an Order could be entered implementing the Report and Recommendation. Debtor and one of debtor's entities filed written objections on July 23, 1984, within the ten day period.

The apparent jurisdictional problems having been alleviated, the matter has once again been referred to this Court. Having reviewed the record herein, the argument of counsel at the above-mentioned hearing and in memoranda submitted in opposition to the June 18, 1984 Order as well as in opposition to the entry of the July 12, 1984 Report and Recommendation, this Court once again finds that there is nothing in the June 18, 1984 Order (requiring the 5% cash deposit) which conflicts with the provisions of 11 U.S.C. § 363(k) allowing a secured party-purchaser of property to offset its secured lien against the purchase price. In the instant case, where it appears unlikely that a sale of the property sufficient to fully pay the secured creditors will be consummated, a bid-in of 5% of the secured lien of the junior secured creditors is a meaningless offer on the part of the creditor, with no benefit to debtor or actual loss to such creditor if the sale is not consummated.

Based on the foregoing, it is hereby ordered that the Motion for Amendment of Order Approving Application to Designate Co-Trustees as Commissioners and Denying Application to Sell Debtor's Property be and hereby is Denied.